IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steve Theis, et al.,                                              Case No. 3:10CV510

             Plaintiff

v.                                                              ORDER

J.B & Company, Inc., et al.,

             Defendant

This is a suit for vested benefits under "top hat" deferred compensation plans which the defendant, J.B. & Company, Inc., established in 1993 and 2003. The parties agree that the company's dismissal without cause of the plaintiff, Steve Theis, on October 14, 2008, constitutes a "wrongful termination" under the 2003 Plan. This caused two types of benefits to vest: 1) five $14,000 annual deferred compensation payments; and 2) a $275,000 benefit which otherwise would not have fully accumulated until the plaintiff's completion of ten years uninterrupted service (which was not attained due to his discharge).

Plaintiff's complaint alleges — and the company does not dispute — that the company did not make the 2009 (*i.e.*, third) $14,000 payment. In addition, plaintiff claims that the company owes him the $275,000 benefit as a lump sum. The company contends that it is only obligated to make

equal monthly payments over 120 months. It admits that it has not paid the monthly payments that have become due since plaintiff's termination.

Apparently, the company has withheld the payments plaintiff claims are due and owing (the 2009 $14,000 and lump sum $275,000) because it believed he was competing with the company in violation of a non-compete provision in a 2003 Employment Agreement. The company's opposition to plaintiff's motion for summary judgment acknowledges that the plaintiff has not competed with it.

Thus, there appears to be no dispute that the company owes the plaintiff at least whatever monthly payments it has withheld since his termination.

In that regard, the principal dispute is whether the plaintiff is entitled to the receive the $275,000 benefit in a lump sum, as he demands, or in 120 monthly payments, as the company contends.

In support of its contention, the company asserts that the plaintiff missed a deadline for electing lump sum, as opposed to monthly, payments. The plaintiff responds to this argument by stating that the company's discharge of him made election impossible.

I disagree with the plaintiff and agree with the company that the plaintiff failed to make a timely election of the method of payment.

Section 3.7 of the 2003 Deferred Compensation Agreement states, in pertinent part, that benefits shall be paid "in the manner elected by the Employee pursuant to section 3.8."

Section 3.8 states:

> On or before the first anniversary of the Effective Date of this Agreement, the Employee shall elect whether to receive payments of the Account in one lump sum or in monthly installments. The Employee, from time to time and on or before the date that is one year prior to the date of Vesting, shall have the right to elect a new method of payment. In the event the Employee has not made such an election, the Company shall pay the Account to the

>Employee in one hundred twenty (120 equal monthly [installments] calculated as provided in n (*sic*) Section 3.9.

By its own terms, this provision required the plaintiff to elect the payment method at least a year before the date of vesting — in this case, at least a year before the date of plaintiff's termination. He did not do so.

Even though the plaintiff in all likelihood had no inkling the company would be firing him, nonetheless, at least a year before the benefit vested, he had, under § 3.8, to elect how he was to receive the benefit.

I conclude, accordingly, that plaintiff is entitled to monthly payments, rather than a lump sum payment of the vested $275,000.

The plaintiff wants me to accelerate all his payments due to the company's anticipatory breach. The plaintiff has cited no authority to support that demand, and absent some showing of a legal basis in the case law for me to do so, I decline to grant that request. To the extent that the company has failed to live up to its obligations so far, it does not appear that it intends to continue doing so. Plaintiff can be made whole for what's presently due by a judgment for the amount of the benefits improperly withheld so far.

The parties ask me further to declare whether, in light of two provisions, the defendant would or would not forfeit his unpaid benefits if he were to compete with the company in the future. I do not find it necessary to decide this dispute in light of the terms of the non-compete agreement.

That agreement appears in § 8 of the 2003 Employment Agreement. In summary, that provision restricts the plaintiff from competing for five years within a seventy-five mile radius of Tiffin, Ohio, or in other geographic areas where the company is the doing business.

Section 8 also states that, notwithstanding any other provision of that section:

> the provisions of this Section 8 shall not apply to the Employee and the Company will not attempt, *in any way*, to enforce its provisions against Employee if the Company terminates the Employee without Cause or in breach of this Agreement.

(Emphasis added).

The company fired the plaintiff without cause. Accordingly, as a result of the quoted provision of § 8 of the 2003 Employment Agreement, the Company waived its right to enforce the non-compete restrictions *in any way*. By this broad, open-ended language, the company agreed that it would take no action of any kind whatsoever to prevent the plaintiff from competing with it despite the restrictions that § 8 otherwise imposes.

Assuming the company could invoke the forfeiture provisions, its doing so would constitute one method — and, in light of the above-quoted language, an entirely prohibited method — of enforcing the non-compete restrictions.

Having concluded that, as plaintiff contends, the company agreed in its Employment Agreement to forego entirely any effort to enforce the non-compete restrictions if it terminated the plaintiff without cause, I need not address or resolve the parties' dispute as to whether the payments due and owing in the future would be jeopardized by a violation of the non-compete provision.

In light of the foregoing, it is hereby

ORDERED THAT:

1. The plaintiff be, and he hereby is entitled to judgment in the amount of the 2009 payment pursuant to the 1993 Deferred Compensation Agreement;

2. The plaintiff be, and he hereby is entitled to judgment for the amount of monthly payments due and owing since the date of his termination pursuant to the 2003 Deferred Compensation Agreement; the defendant shall remain obligated for the

      remainder of the term of such payments without regard to any non-compete provision to the contrary;

3. The plaintiff shall forthwith prepare a proposed judgment entry in accordance with the foregoing; and

4. The parties shall undertake to reach agreement as to the attorneys' fees and costs due and owing to the plaintiff; in the event they cannot do so, plaintiff shall submit his statement regarding such amount and supporting memorandum on or before December 30, 2010; defendant shall respond on or before January 20, 2011; plaintiff's reply shall be filed on or before February 1, 2011; plaintiff's reply shall include a statement for the additional fees and costs generated as a result of having to file the fees and costs statement, supporting memorandum and reply.

So ordered.

                                          s/James G. Carr
                                          United States District Judge